IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNEL SANCHEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD CLOUGH, et al.,<br><br>　　　　Defendants. | Case No.  CV 16-5429 MWF (MRW)<br><br>ORDER DISMISSING CLAIMS AND REMANDING ACTION TO STATE COURT |

The Court dismisses the federal claims of this pro se plaintiff.  Because she failed to file an amended complaint by the time set by the magistrate judge, the Court remands the remaining claims to the Superior Court for the County of San Bernardino.

\* \* \*

1.　Plaintiff is the mother of three children involved in a contested state court custody case.  After she lost custody of the children, Plaintiff filed a civil action in state superior court against her ex-husband, his wife, several social workers and county employees, and her former appointed attorney.  Her complaint alleged that these individuals violated her civil rights directly and in a conspiracy

///

by lying in her child custody case, falsifying evidence, misinforming her about the nature of the proceedings, and, as to her former lawyer, failing to properly represent her in the custody matter.

2. Because Plaintiff alleged federal civil rights violations under 42 U.S.C. § 1983 (in addition to state tort claims), the defense removed the action to this Court in July 2016. (Docket # 1.) The defense subsequently moved to dismiss the complaint on a variety of legal grounds. (Docket # 13, 14, 15.)

3. Magistrate Judge Wilner conducted a hearing on the motions with Plaintiff and the defense lawyers. After the hearing. Judge Wilner issued a decision explaining that Plaintiff's federal civil rights claims were untenable. (Docket # 38.) The Court concluded that Plaintiff's claims were precluded by the Rooker-Feldman doctrine (improper appeal of state court proceeding), Younger absention (custody proceedings are ongoing), and, as to the appointed lawyer, the failure to identify a state actor subject to civil rights liability. (Docket # 38 at 3-5.)

4. Judge Wilner granted the defense motions to dismiss the federal claims at Counts 1, 2, and 5 of the complaint. Consistent with Ninth Circuit law, however, the Court gave Plaintiff an opportunity to amend the defective complaint. The Court informed Plaintiff that she could file an amended complaint by October 28. However, if she did not, Judge Wilner informed Plaintiff that her tort action (without the dismissed federal claims) would be remanded to the state court. (Docket # 38 at 5.) To date, Plaintiff has not filed an amended complaint in response to the Court's order.

\* \* \*

5. The Court dismisses the federal claims from the complaint for the reasons set forth in Judge Wilner's order.

6. The Court also dismisses the claims based on the reasoning of Federal Rule of Civil Procedure 41. Rule 41(b) provides that if a party "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the

action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action or claims under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

7. These factors weigh heavily in favor of dismissal of Plaintiff's civil rights claims. The Court, the named defendants, and the public have a considerable interest in the prompt resolution of those defective claims. Omstead, 594 F. 3d at 1084. The magistrate judge explained the problems with the claims in great detail to Plaintiff. The Court also gave Plaintiff ample opportunity to amend the complaint to try to state a plausible cause of action. Even so, Plaintiff failed to do so by the deadline set. Because Plaintiff is a pro se litigant who has been unable to comply with the Court's basic procedural rules, no sanction short of dismissal of the federal claims will be effective in moving this case forward. Carey, 856 F.2d at 1440. Pursuant to Rule 41, those claims are dismissed without leave to amend.

8. The case was removed to federal court on the basis of Plaintiff's federal civil rights claims. In their absence, there is no basis for the Court to exercise supplemental jurisdiction over Plaintiff's remaining state law tort claims. The Court therefore REMANDS the remainder of the action to the San Bernardino Superior Court for further proceedings.

IT IS SO ORDERED.

Dated: January 19, 2017    _____
    HON. MICHAEL W. FITZGERALD
    UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE